HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INGENCO HOLDINGS, LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACE AMERICAN INSURANCE COMPANY, <br><br> Defendant. | CASE NO. C13-543RAJ <br><br> ORDER |

## I. INTRODUCTION

This matter comes before the court on review of the parties' May 15 joint statement (Dkt. # 107) on documents they have filed under seal. For the reasons stated herein, the court directs the clerk to TERMINATE Plaintiffs' motion to seal (Dkt. #96), and to UNSEAL documents as specified in this order. The clerk shall also file on the docket the May 21, 2015 letter the court received from third party Guild Associates and designate Guild as an "interested party" on the docket. This order contains instructions to the parties and to Guild as to the 16 documents that will remain under seal for now.

## II. BACKGROUND

The parties' joint statement includes a chart (Dkt. # 107-2) detailing the present status of each of the 34 documents the parties have filed under seal. The court uses the term "document" here to refer to any single exhibit to the many declarations the parties have filed in support of their pending dispositive motions. Defendant has filed each such

ORDER – 1

document as a single entry or sub-entry on the docket. For example, the two documents that are the subject of Defendant's most recent motion to seal are at docket numbers 104 and 104-1, respectively. Plaintiffs, by contrast, have frequently filed many sealed documents as a single docket entry. For example, eight documents that are the subject of Plaintiffs' second motion to seal (Dkt. # 90) are combined at docket number 91. Defendant's approach is the better one, because the court's electronic filing system permits it to seal or unseal any single docket entry or sub-entry; it does not permit sealing or unsealing individual pages within a single docket entry.

The parties requested that the court seal the 34 documents solely to respect a protective order between Guild and one of the Plaintiffs in litigation in the United States District Court for the Southern District of Ohio. The parties have finally provided that protective order to the court. The court's review of the protective order and the documents under seal strongly suggest that the parties have construed that protective order far more broadly than is appropriate. As to many of the documents the parties filed under seal, the court is aware of no credible argument for keeping them under seal.

Perhaps for that reason, the parties' chart reveals that Guild has no objection to unsealing many documents. It also reveals that as to some documents, Guild has requested only minimal redactions. For example, Defendant filed under seal approximately 30 pages excerpted from the deposition of Jeffrey Brown. The vast majority of those pages suggested no basis at all for shielding them from public view. Guild ultimately requested a single redaction of several lines on one page of the excerpts.

As to some documents, the extent of Guild's objection (if any) is unknown. The parties have revealed only that those documents are "under review" at Guild. Guild, in response to the court's April 28, 2015 minute order, sent a May 21 letter to the court stating that it intended "to obtain local counsel and seek protection for its proprietary scientific know-how and trade secrets" and would "file its motion seeking protection within thirty (30) days of the date of [its] letter."

ORDER – 2

In light of these developments, the court orders as follows:

1) The clerk shall UNSEAL the following 9 documents because the parties' chart indicates that Guild has no objection to their public filing: Dkt. ## 89-2, 89-4, 89-6, 89-7, 102, 102-1, 102-2, 104, and 104-1.

2) The clerk shall UNSEAL the following document because Defendant erroneously filed it under seal. Dkt. # 84. (That document is a duplicate of a document Defendant filed publicly. Dkt. # 82-1).

3) Plaintiffs have apparently filed 8 exhibits that were once under seal as public documents, reflecting Guild's consent to do so. In 2 instances, they have apparently filed redacted versions of exhibits that were once under seal in their entirety. The court says "apparently" because Plaintiffs filed these 10 documents on June 9 without any explanation. Dkt. ## 111-120. The docket entries for those documents, however, describe the sealed exhibits that they are apparently intended to replace. The net impact of these new filings is to unseal 8 documents and to substitute redacted versions of 2 others. The court cannot actually unseal any of the documents, however, because each of them is part of a single docket entry that contains other documents that will remain under seal for now.

4) Defendant shall, no later than June 17, 2015, file publicly versions of the following documents reflecting the redactions that Guild has requested. Dkt. ## 84-2, 84-3, 89, 89-1, 89-3, 89-5, and 102-3. Defendant shall file each of these documents as a separate sub-entry within a single docket entry entitled "Redacted Documents Filed Per June 11 Order."

5) The net effect of the preceding paragraphs is to reduce the number of documents under seal from 34 to 16. Of the 16 documents that remain under seal, there are (or will be, after Defendant complies with paragraph 4 above) publicly-filed redacted versions of 9 of them. Just 7 documents will remain

ORDER – 3

under seal in their entirety without a redacted version.  As to those 16 documents that remain under seal, the court orders as follows:

    a.  As to documents with redacted substitutes (the 7 documents listed in paragraph 4, plus the 2 redacted documents Plaintiffs have filed at docket numbers 119 and 120), the party (or parties) relying on the redacted documents shall review those documents, review every instance in which that document is cited in that party's briefing, and shall determine whether the redacted document is sufficient for the court's review of the dispositive motions.  For example, if within a document Guild has redacted only the weight of a particular component of the apparatus at issue, and the weight is not relevant to any issue the court must resolve, then there is no need for further proceedings as to that document, because the court need not consider the sealed unredacted version of that document.

    b.  Of the 7 documents that will remain sealed without a redacted version, the chart indicates that Guild had yet to complete its review of 6 of them as of May 15.  Those six documents are Dkt. # 84-1, the excerpts of the Palumbo deposition and Casey report within Dkt. # 97, and the excerpts of the Casey report, O'Donnell report, and Mitariten deposition within Dkt. # 100.  No later than June 19, Guild shall inform the parties as to each of those documents either that it has no objection to the document being filed publicly, that it requests specific redactions, or that it requests that the document remain under seal in its entirety.  As to any document for which Guild requests redactions, the parties shall conduct the review described in paragraph 5(a) above.

    c.  No later than June 24, the parties shall file and provide to Guild a joint statement stating all documents among the 16 for which redacted

ORDER – 4

substitutes are sufficient for the court's review of the dispositive motions. What remains will be a list of the documents that remain under seal for which there is a continued dispute. As to those documents only, Guild must file a motion for a protective order no later than July 1. If Guild does not, the court will unseal those documents.

### III.  CONCLUSION

The clerk shall UNSEAL the documents specified above, and the parties and Guild shall comply with the court's orders stated above. The clerk shall TERMINATE Plaintiffs' motion to seal (Dkt. # 96) purely for administrative purposes. To the extent that disputes remain over the documents at issue in that motion, the court will resolve them as described above.

The clerk shall file on the docket the May 21, 2015 letter the court received from Guild and designate Guild as an "interested party" on the docket, using the contact information for Guild's counsel as stated on that letter. The clerk shall ensure that Guild receives notice of this order.

DATED this 11th day of June, 2015.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 5