HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGENCO HOLDINGS, LLC, et al.,

      Plaintiffs,

      v.

ACE AMERICAN INSURANCE
COMPANY,

      Defendant.

CASE NO. C13-543RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Defendant Ace American Insurance Company's ("Defendant") Motion Pursuant to FRCP 37(c) to Prohibit Evidence.  Dkt. # 150.  Defendant requests that the Court preclude Plaintiffs Ingenco Holdings, LLC ("Ingenco") and Bio Energy (Washington), LLC ("BEW") (collectively, "Plaintiffs") from presenting evidence about damages in support of their Washington Consumer Protection Act ("CPA") or Washington Insurer Fair Conduct Act ("IFCA") claims.  Unsurprisingly, Plaintiffs strenuously object.  Dkt. # 151.  For the reasons set forth below, the Court **GRANTS** the Motion.  Dkt. # 150.

## II.   BACKGROUND

The Court will not discuss the facts of this case in great detail as it has already done so in other orders.  *See* Dkt. # 142.  Briefly, BEW operates a landfill gas processing plant in Maple Valley, Washington which was covered by an insurance policy issued by

ORDER – 1

1  Defendant. *See* Dkt. # 25 (Second Am. Compl.) ¶¶ 8, 11.  The facility processes landfill

2  gas into natural gas.  *Id.* ¶ 8.  The plant briefly shut down in October 2010 when the

3  bottom of one of the diffuser baskets necessary to shield certain adsorbent material from

4  impact with incoming landfill gasses detached.  *See id.* ¶¶ 17, 21.  After the basket (and

5  the baskets in other vessels) was removed and replaced with a redesigned basket, the

6  plant resumed operations.  However, in March 2011, the automated monitoring systems

7  within the facility registered operating conditions outside normal limits, leading to an

8  extended shutdown of the entire facility.  *See id.* ¶¶ 27-28.  As a result, Plaintiffs filed a

9  claim with Defendant in May 2011.  *Id.* ¶ 28.

### III.   ANALYSIS

11     The Court has broad discretion to control discovery.  *Avila v. Willits Envtl.*

12  *Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011).  That discretion is guided by

13  several principles.  Most importantly, the scope of discovery is broad.  "Parties may

14  obtain discovery regarding any nonprivileged matter that is relevant to any party's claim

15  or defense."  Fed. R. Civ. P. 26(b)(1).  "Information within this scope of discovery need

16  not be admissible in evidence to be discoverable."  *Id.*

17     Federal Rule of Civil Procedure 26(a)(1) outlines a party's initial disclosure

18  obligations.  Under this rule, parties are required to disclose, *inter alia*, "a computation of

19  each category of damages claimed by the disclosing party --who must also make

20  available for inspection and copying as under Rule 34 the documents or other evidentiary

21  material . . . on which each computation is based, including materials bearing on the

22  nature and extent of injuries suffered."  *Id.*  Parties are required to supplement or correct

23  disclosures or discovery responses in a timely fashion if they learn that a response is

24  incomplete or incorrect in some material respect.  *See id.* 26(e)(1).

25     Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a

26  witness as required by Rule 26(a) or (e), the party is not allowed to use that information

27  or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure

28  ORDER – 2

1 │ was substantially justified or is harmless."  A court may also impose sanctions other than

2 │ exclusion of evidence "on motion and after giving an opportunity to be heard."  *Id.*; *see*

3 │ *also Karpenski v. Am. Gen. Life Ins. Cos., LLC*, 999 F. Supp. 2d 1235, 1241 (W.D. Wash.

4 │ 2014) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir.

5 │ 2001)) ("District courts have wide latitude to impose discovery sanctions pursuant to

6 │ Rule 37(c)(1)").  "The party facing sanctions bears the burden of proving that its failure

7 │ to disclose the required information was substantially justified or is harmless."  *R&R*

8 │ *Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012) (citing *Torres v. City of*

9 │ *L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008)).

10 │ "[I]n the ordinary case, violations of Rule 26 may warrant evidence preclusion."

11 │ *Id.* (citing *Yeti by Molly*, 259 F.3d at 1107).  However, when a sanction under Rule 37(c)

12 │ amounts to a dismissal of a claim, courts are "required to consider whether the claimed

13 │ noncompliance involved willfulness, fault, or bad faith . . . and also to consider the

14 │ availability of lesser sanctions."  *Id.* (citing *Yeti by Molly*, 259 F.3d at 1106; *Wyle v. R.J.*

15 │ *Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983); *Wendt v. Host Int'l, Inc.*, 125

16 │ F.3d 806, 814 (9th Cir. 1997); *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990)).

17 │ The facts relevant to this motion are generally undisputed.  Plaintiffs served their

18 │ initial disclosures on September 25, 2013.  *See* Dkt. # 27.[1]  Those initial disclosures tie

19 │ only one component of damages to Plaintiffs' CPA and IFCA claim: punitive damages.

20 │ *See id.* at 13 ("Plaintiffs also claim punitive damages, in an amount to be determined, due

21 │ to violations By Defendant of IFCA and the Washington Consumer Protection Act.").

22 │ The remainder of Plaintiffs' initial disclosures simply itemizes the $15,565,357 sought in

23 │ connection with Plaintiffs' insurance claims.  *See id.* at 13-16.  Plaintiffs have never

24 │ supplemented their initial disclosures.  *See* Dkt. # 150-1 (Foran Decl.) ¶¶ 6-7.

25 │

26 │ [1] It is not entirely clear why Plaintiffs and Defendant filed their initial disclosures with the Court.
    │ The Local Rules expressly provide that "Rule 26 initial disclosures and discovery requests and

27 │ responses must not be filed until they are used in the proceedings or the court orders filing."  *See*
    │ Local Rules W.D. Wash. LCR 5(b).

28 │ ORDER – 3

1    Defendant also requested that Plaintiffs "[i]dentify separately all of the damages

2    sought in the Second Amended complaint for the October 2010 Failure and the March

3    2011 Shutdown, including but not limited to the" claims for property and business

4    interruption costs under the policy. *See id.* Ex. 2 at 5.  In addition, Defendant requested

5    that Plaintiffs direct it to all factual and evidentiary support they had for their CPA and

6    IFCA claims. *See id.* at 6.  Plaintiffs' responses simply directed Defendant to their initial

7    disclosures, document productions, or to a few individual witnesses. *See id.*  It is

8    undisputed that Plaintiffs have never supplemented these responses. *Id.* ¶ 6.

9    In fact, it appears that it was not until March 19, 2015 – the day before the

10   discovery cutoff (*see* Dkt. # 66) – that Plaintiffs provided any computation of their IFCA

11   and CPA based damages (*see* Dkt. # 150 Ex. 4).  Specifically, at Plaintiffs' Rule 30(b)(6)

12   deposition, BEW's representative testified that its IFCA and CPA damages consisted of

13   those suffered from restructuring senior debt, lost opportunity costs, and loss of value to

14   its companies. *See* Dkt. # 150 Ex. 4 [Palumbo Depo. Tr.] at 111:12-126:9.  It is, of

15   course, largely undisputed that this was the first time that Plaintiffs had tried to quantify

16   these damages. *See id.* at 126:2-9 ("Q: Has any effort been made to sit down and write

17   these – and quantify these alleged damages which you claim resulted from ACE's failure

18   to properly investigate this claim, or ACE's violations of the Administrative Code, the

19   [IFCA], or the [CPA]? A: Not until just now.").

20   The long and short of it is that not only were Plaintiffs obligated to produce

21   damages computations for their CPA and IFCA claims "without awaiting a discovery

22   request" (*see* Fed. R. Civ. P. 26(a)(1)(A)), but they also received discovery requests

23   targeted to those issues (though somewhat broadly) (*see* Dkt. # 150 Ex. 2).  Aside from

24   some testimony from Mr. Palumbo, Plaintiffs have scarcely provided any such

25   computation of their IFCA or CPA damages and have never produced any supporting

26   evidentiary material.

27

28   ORDER – 4

1    Rather than squarely address their failure to supplement their initial disclosures,

2  Plaintiffs blame Defendant for not seeking this information sooner. *See* Dkt. # 151 at 4-

3  7. That is not the correct standard. A party's initial disclosure obligations operate "[a]s

4  the functional equivalent of court-ordered interrogatories." *See* Fed. R. Civ. P. 26(a)(1),

5  Adv. Comm. Note (1993). And "[w]hile a party may not have all of the information

6  necessary to provide a computation of damages early in the case, it has a duty to

7  diligently obtain the necessary information and prepare and provide its damages

8  computation within the discovery period." *Jackson v. United Artists Theatre Circuit,*

9  *Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011) (citing *Allstate Ins. Co. v. Nassiri*, No. 2:08-

10  CV-00369, 2010 WL 5248111, *4 (D. Nev. Dec. 16, 2010)). Plaintiffs ignored their duty

11  for the bulk of the discovery period (and have never provided the written computation

12  and identification of supporting evidence Rule 26 contemplates). That failure is on them,

13  not on Defendant.

14    Moreover, to the extent that Plaintiffs blame Defendant for not seeking further

15  discovery on their IFCA and CPA damages after Mr. Palumbo's deposition (*see* Dkt. #

16  151 at 7), the Court simply notes that Defendant was not permitted to do so at that time.

17  This Court's Local Rules provide that "[i]nterrogatories, requests for admissions or

18  production, etc., must be served sufficiently early that all responses are due before the

19  discovery deadline." Local Rules W.D. Wash. LCR 16(b)(2). Plaintiffs themselves

20  highlight that the first attempt to compute IFCA and CPA damages took place at Mr.

21  Palumbo's March 19, 2015 deposition – the day before the discovery cutoff. *See* Dkt. #

22  66. In other words, Defendant was not able to further inquire into Plaintiffs' CPA and

23  IFCA damages when they were finally revealed.

24    Given Plaintiffs' failure to provide this information in their initial disclosures (or

25  otherwise), Rule 37(c)(1) operates to exclude that information unless Plaintiffs' failure

26  was substantially justified or harmless. The burden is on Plaintiffs to show substantial

27  justification or harmlessness. *See R&R Sails*, 673 F.3d at 1246. Plaintiffs do not show

28  ORDER – 5

1    either. For one, Plaintiffs do not offer any argument on substantial justification (though

2    perhaps they aimed to do so through seven pages of briefing blaming Defendant for their

3    own failures).

4          Furthermore, although Plaintiffs contend that their failure was harmless or, at the

5    very least, do not justify dispositive sanctions because of an absence of willfulness, fault,

6    or bad faith, that argument is unavailing. It is plain that late disclosure (or non-

7    disclosure, in the case of evidentiary support) of a party's damage calculations may not

8    be harmless because of the disruption to "the court's and the parties' schedules." *See*

9    *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (citing

10   *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005)); *see also*

11   *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) (finding

12   that defendant's failure to disclose 38 witnesses until 15 months after the close of

13   discovery was harmful, even though those witnesses were mentioned in other

14   depositions, because permitting those witnesses to testify would have required reopening

15   discovery and burdening court and parties' schedules). Furthermore, Defendant presents

16   evidence that Plaintiffs' failure to provide this information was willful. Specifically,

17   Plaintiffs' own Rule 30(b)(6) witness testified that no efforts had been made to quantify

18   or calculate the extent of their IFCA or CPA damages *until the day before the discovery*

19   *cutoff. See* Dkt. # 150 Ex. 4 [Palumbo Depo. Tr.] at 126:2-9.

20         Plaintiffs chiefly rely on three cases to argue the lack of willfulness and bad faith.

21   In *R&R Sails*, the district court entered judgment on the plaintiff's bad faith claim when it

22   excluded attorney invoices that were not disclosed in the plaintiff's initial disclosures or

23   produced in response to a deposition notice. *See* 673 F.3d at 1247-48. The Ninth Circuit

24   reversed because it was "not convinced . . . that the district court made findings sufficient

25   to support its preclusions of the invoices under Rule 37(c)(1)." *Id.* at 1247. Specifically,

26   given that exclusion of the evidence "amounted to dismissal of a claim," the district court

27   was required to make specific findings regarding whether the plaintiff's "noncompliance

28   ORDER – 6

1    involved willfulness, fault, or bad faith." *Id.* Because it did not, the Ninth Circuit

2    reversed the judgment and remanded for further consideration. *Id.* at 1248.

3         In contrast with *R&R Sails*, however, the Court has made specific findings of

4    willfulness, fault, and bad faith. *See supra.* Plaintiffs are plainly at fault for the late (and

5    still incomplete) disclosure (despite their efforts to blame Defendant). Moreover, their

6    failure to supplement was certainly willful – their own representative freely admitted that

7    they had not made an effort to value their IFCA or CPA damages until the eve of the

8    discovery deadline (and well past the point where Defendant could seek additional

9    information about those damages).

10        In *Bonzani v. Shinseki*, No. 2:11-CV-0007-EFB, 2014 WL 66529, at *5 (E.D. Cal.

11   Jan. 8, 2014), the court declined to exclude evidence supporting the plaintiff's claim to

12   lost benefits above $20,000 despite such evidence not being disclosed in the plaintiff's

13   initial disclosure or produced until well after the discovery deadline. The court found

14   that the plaintiff's failure violated Rule 26(a) and (e) and was neither substantially

15   justified nor harmless. *Id.* at *4. Nevertheless, the court found that an exclusion sanction

16   would effectively eviscerate the plaintiff's claim. *Id.* at *5. As a result, the court found

17   that a more appropriate remedy would be to permit the defendant with an opportunity to

18   conduct further discovery into the late-disclosed evidence and to vacate the trial date. *Id.*

19        The difference between *Bonzani* and the instant case, however, is that the

20   defendants were at least provided with substantial notice of both the totality of the

21   plaintiff's (newly increased) damages claim and the evidence upon which he relied to get

22   to that damages computation. *See id.* at *3. In contrast, here, Defendant has only

23   received a vague description of the basis for the Plaintiffs' IFCA and CPA claims.

24   Plaintiffs have never described (or, to this Court's knowledge, provided any other

25   guidance) the evidentiary basis for their claim. Simply put, even if Defendant was given

26   another opportunity to pursue this line of discovery, it still has very little to go on.

27

28   ORDER – 7

1     Finally, Plaintiffs cite *BWP Media USA Inc. v. Rich Kids Clothing Co., LLC*, No.

2  C13-1975-MAT, 2015 WL 347197 (W.D. Wash. Jan. 23, 2015) to illustrate the

3  circumstances where an exclusion sanction is appropriate. In *BWP Media*, the court

4  prevented the plaintiff from relying on evidence attached to its motion for summary

5  judgment where it had not disclosed that evidence despite alluding to that evidence in its

6  initial disclosures and receiving numerous requests for the actual materials. *See id.* at *5.

7  The court found that preclusion of this evidence was appropriate, even if it resulted in

8  dismissal of the plaintiff's claim because the plaintiff refused to produce the evidence in

9  response to an informal discovery request but later relied on that evidence in support of

10  its dispositive motion. *Id.* Additionally, the court found that lesser sanctions were not

11  appropriate given the proximity to trial. *Id.* at *6.

12     The Court finds that the situation in *BWP Media* is roughly analogous to the

13  situation here. Plaintiffs did not disclose any evidence supporting their claim for CPA

14  and IFCA damages until the eve of discovery, even when presented with several general

15  requests for such supporting information. Moreover, Plaintiffs did not even disclose

16  general calculations (and not even in written form) for these damages until the eve of

17  discovery – long after Defendant could seek further discovery into the subject matter.

18  "These actions give the appearance of gamesmanship and an attempt to impair

19  [Defendant's] ability to marshal a timely defense." *Id.* at *5.

20     The real question for the Court is whether complete preclusion of this evidence is

21  appropriate. Given the likely dispositive nature of such a sanction, the Court must

22  consider whether a lesser remedy is available. *See R&R Sails*, 673 F.3d at 1247.

23     In truth, neither party has presented this Court with a truly lesser remedy than

24  complete preclusion. Defendant seeks complete preclusion of this evidence while

25  Plaintiffs simply propose proceeding to trial on the extremely limited evidence that they

26  have produced. Plaintiffs' proposal is unappealing – Defendant remains in the dark about

27  what evidentiary support (beyond Mr. Palumbo's testimony) Plaintiffs have for their

28  ORDER – 8

1   damages claims.  Furthermore, given the close proximity to trial (and the fact that

2   Plaintiffs *still* have not provided much guidance for Defendant to further explore the

3   topic), the Court does not believe reopening discovery and continuing the trial date is

4   appropriate.  *See* Dkt. # 149 (jury trial set for October 24, 2016).  This is particularly true

5   when Defendant will be forced to prepare for Plaintiffs' "new" theory for trial.

6          Given these facts, the Court believes that a lesser sanction is not appropriate.

7   Simply put, Plaintiffs have taken a cavalier attitude to their discovery obligations.

8   Consequently, they are not permitted to rely upon any computation or evidence of their

9   IFCA or CPA damages beyond that provided in their initial disclosures.  Because this

10  operates to prevent Plaintiffs from presenting any evidence of damages on their IFCA

11  and CPA claims, judgment in Defendant's favor on those claims is appropriate.

## IV.   CONCLUSION

13         For the foregoing reasons, the Court **GRANTS** Defendant's Motion.  Dkt. # 150.

14  Given that this operates to preclude Plaintiffs from presenting any evidence of damages

15  in support of their IFCA and CPA damages, judgment in Defendant's favor is appropriate

16  for those two claims.  It appears that all of Plaintiffs' claims have been disposed of as a

17  result of this Court's Orders on the various dispositive motions exchanged by the Parties.

18  Accordingly, the Court **ORDERS** Defendant to file a proposed judgment for the Court's

19  consideration no later than **September 16, 2016**.

22         DATED this 6th day of September, 2016.

The Honorable Richard A. Jones
United States District Court Judge

28  ORDER – 9