HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INGENCO HOLDINGS, LLC and BIO ENERGY (WASHINGTON), LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>ACE AMERICAN INSURANCE COMPANY,<br><br>    Defendant. | Case No. 2:13-cv-00543-RAJ<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN DISCOVERY |

## I. INTRODUCTION

Before the Court is Plaintiffs' motion to reopen discovery. Dkt. # 175. For the reasons below, the Court **GRANTS** the motion.

## II. BACKGROUND

This is an insurance coverage dispute over the cause of the diffuser basket failure and the deterioration of the media in the Nitrogen Removal Units (NRUs) at Plaintiffs' gas processing plant. These events necessitated in an extended shutdown of the plant beginning in March 2011.

Following an appeal to the Ninth Circuit, this case was remanded to this Court on July 10, 2019. Dkt. # 169. The parties submitted a Joint Status Report on July 25, 2019. Dkt. # 171. The Court then scheduled this case for trial to begin on February 18, 2020. Dkt. # 172. On October 31, 2019, Plaintiffs Bio-Energy (Washington), LLC ("BEW") and

ORDER – 1

Ingenco Holdings, LLC (collectively "Plaintiffs") moved for an order re-opening discovery to permit disclosure of three scientific reports and to allow Plaintiffs to designate an additional testifying expert. Dkt. # 175. According to Plaintiffs, the new reports expose substantial flaws in the opinions of Defendant's expert, Michael Casey, Ph.D., concerning the causes of the diffuser basket failure and the subsequent destruction of the adsorbent media contained in the NRU vessels, as set out in Dr. Casey's January 12, 2015 expert report. *Id.*

### III. DISCUSSION

Federal Rule of Civil Procedure 16(b) provides that a case management schedule can be modified upon a showing of good cause and by leave of the district judge. The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, district courts are instructed to consider the following factors: (1) whether trial is imminent; (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM North America Corporation*, 866 F.3d 1060, 1066 (9th Cir. 2017); *United States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995). The decision to reopen discovery rests in the sound discretion of the Court. *Id.*

In this case, trial is set to occur in approximately ninety days and Defendant has opposed Plaintiffs' request. *See Balsley v. BNSF Ry. Co.*, No. 3:09-CV-05168-RJB, 2010 WL 11561363, at *2 (W.D. Wash. Nov. 30, 2010) (noting that trial was set to begin in sixty days). Defendant would be prejudiced, at least to some extent, by diverting resources from preparation for trial to complying with Plaintiffs' request. *Id.* Defendant adds that granting

ORDER – 2

Plaintiffs' motion would necessitate further discovery on their part, including supplementing their expert's report. Dkt. # 177 at 11.

Defendant also argues that Plaintiffs do not meet the good cause standard because this discovery could have been completed within the court's original scheduling order. In fact, Defendant claims that there is nothing new scientifically in reports at issue here and that "[a]ll that is new is Plaintiffs' desire to use reports that are new to this case and which could have been commissioned and completed based on the facts available to Plaintiffs before discovery closed on March 20, 2015." *Id.* at 7.

On the other hand, Plaintiffs go as far as saying that the new expert reports are potentially dispositive in nature. Dkt. # 178 at 4. That factor alone, however, is insufficient to overcome a failure to diligently conduct discovery into this issue during the discovery period. *See, e.g.*, *United Capital Funding Corp. v. Ericsson, Inc.*, Case No. C15-0194JLR, 2019 WL 215075 (W.D. Wash. Jan. 16, 2019); *USI Ins. Servs. Nat'l, Inc. v. Ogden*, No. C17-1394RSL, 2018 WL 5886455, at *2 (W.D. Wash. Nov. 9, 2018) (denying the plaintiff's request to reopen discovery for limited purposes because the plaintiff "was not diligent in pursuing discovery"). In a supporting declaration, Plaintiffs state that this motion was filed immediately after they obtained, after months of effort, redacted versions of documents from Guild Associates, Inc. ("Guild"), whose adsorbent media are central to this dispute and the experts' reports. Dkt. # 176, ¶ 9. Additionally, Plaintiffs state that it took until January 2016, and a court order, to obtain relevant media samples to perform tests described in one of the expert reports. *Id.* Thus, despite diligent efforts, Plaintiffs claim that could not have provided the reports prior to the close of discovery. *Id.*

While there some dispute over Plaintiffs' diligent pursuit of discovery, the Court finds that, on balance, the remaining factors favor reopening discovery. Plaintiffs intimate that delaying the trial date would alleviate the prejudice concerns raised by Defendant and the Court agrees. Accordingly, the Court will reopen discovery to permit disclosure of three scientific reports and to allow Plaintiffs to designate an additional testifying expert.

ORDER – 3

The Court will issue a revised scheduling order within fourteen days.

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion.  Dkt. # 175.

DATED this 26th day of November, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4