HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGENCO HOLDINGS, LLC, et al.,

Plaintiff,

v.

ACE AMERICAN INSURANCE COMPANY,

Defendant.

Case No. 2:13-cv-00543-RAJ

ORDER

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' motion to modify the protective order and for other various relief. Dkt. # 179. The Court **DENIES in part** and **DEFERS in part** Plaintiffs' motion.

## II. BACKGROUND

Guild Associates, Ltd. ("Guild") is party to this action only as an intervenor to designate its proprietary and trade secret information under the current Protective Order. Plaintiffs claim that Guild has habitually over-designated materials as confidential. Dkt. # 179 at 2.

In July 2019, Plaintiff Bio-Energy (Washington), LLC ("BEW") provided Guild with a detailed list of documents it may need for trial. BEW requested that Guild immediately start its review those documents and recently attempted to obtain an order from the U.S. District Court for the Southern District of Ohio for the same. *Id.* at 3-4. That

ORDER – 1

effort was only moderately successful and now Plaintiffs move for relief in this court. Specifically, Plaintiffs seek to limit the definition of "Confidential" materials in the protective order to those materials containing bona-fide trade secrets; to order Guild to review all documents previously designated as "Confidential" and remove confidential designations for documents that do not contain trade secrets; and to appoint a Special Master to hear disputes regarding confidentiality. *Id.* at 9-12. Plaintiffs assert that without this relief, it will be virtually impossible to conduct a public trial. *Id.*

## III. DISCUSSION

After reviewing the submissions by the parties, the Court finds no basis to modify the protective order. Protective orders may cover confidential, proprietary, or private information that warrants special protection. LCR 26(c)(2). Therefore, Guild was not limited to designating trade secrets when it first started producing documents. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) (noting that a concern in modifying a protective order is whether that order was relied upon in the decision to produce documents); *Beckman Indus. Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992). "[C]hanging the ground rules later is to be avoided because protective orders that cannot be relied upon will not foster cooperation through discovery." Wright, Miller & Marcus § 2044.1 (3d. ed.) (requiring litigants to redo discovery is wasteful and delays litigation).

The main issue is really the procedure by which Guild will review confidential materials for trial. Ultimately, the more efficient process would be for Plaintiffs to identify what documents they reasonably intend to use before Guild reviews for confidentiality. Plaintiffs' proposal of having Guild review and possibly re-designate all produced documents imposes an unnecessary burden on a non-party. *See* Fed. R. Civ. P. 45(d)(1). As such, the Court **ORDERS** Plaintiffs to provide Guild and the Court with the exhibit lists and deposition designations for Guild's confidentiality review 30 days after the close of discovery. Guild shall then have 30 days to file a motion to seal in accordance with the

ORDER – 2

local rules of this Court. At that time, the Court will determine whether the appointment of a Special Master is necessary.

### IV.  CONCLUSION

For the reasons stated above, the Court **DENIES in part** and **DEFERS in part** Plaintiffs' motion.

DATED this 5th day of February, 2020.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 3