HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGENCO HOLDINGS, LLC and BIO ENERGY (WASHINGTON), LLC,

    Plaintiffs,

    v.

ACE AMERICAN INSURANCE COMPANY,

    Defendant.

Case No. 2:13-cv-00543-RAJ

ORDER

## I. INTRODUCTION

Before the Court is Defendant's motion to prohibit the introduction of certain expert reports. Dkt. # 196. For the reasons below, the motion is **GRANTED in part** and **DENIED in part**.

## II. BACKGROUND

This is an insurance coverage dispute over the cause of a diffuser basket failure and a deterioration of the media in the Nitrogen Removal Units ("NRUs") at Plaintiffs' gas processing plant. These events necessitated an extended shutdown of the plant beginning in March 2011.

Previously, Plaintiffs Bio-Energy (Washington), LLC ("BEW") and Ingenco Holdings, LLC (collectively "Plaintiffs") moved for an order re-opening discovery. Dkt. # 175. They sought to disclose three scientific reports and to designate an additional

ORDER – 1

testifying expert. *Id.* The three reports that they sought to disclose were:

> (1) the "first" report of Dr. Monnier, dated July 30, 2015, regarding the impact of hydrochloric acid ("HCL") on the Molecular Gate™ media used by BEW at its landfill gas purification plant in Maple Valley, Washington ("Gas Purification Plant" or "Plant"); (2) the "second" report of Dr. Monnier dated February 15, 2017 regarding additional testing on 18 different, "blind" samples of Molecular Gate media used by BEW at its Gas Purification Plant; and (3) the report entitled "Pressure Drop Estimate: NRU Diffuser Basket" dated November 30, 2015, by Matthew Schneider.

*Id.* at 1-2. The additional testifying expert was John Monnier, Ph.D. *Id.* at 1. The Court granted the motion, holding that discovery would be reopened "to permit disclosure of three scientific reports and to allow Plaintiffs to designate an additional testifying expert." Dkt. # 181 at 3.

Plaintiffs disclosed the three reports above, as well as two additional reports— (a) the James A. Ritter Expert Report dated March 24, 2016 (the "2016 Ritter Report") and (b) the O'Donnell Engineering Expert Report dated January 15, 2020 (the "2020 O'Donnell Report"). Dkt. # 196 at 1-2. Arguing that the two reports violate this Court's previous order reopening discovery, Dkt. # 181, Defendant now moves to exclude those reports under Rule 16 and 37 of the Federal Rules of Civil Procedure, Dkt. # 196 at 1-2.

### III. DISCUSSION

Both Rule 16 and 37 permit a court to issue "just orders" when a party disobeys the court's previous order.[1] Under Rule 16(f), the court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16. Likewise, under Rule 37(b), when a party fails to "obey an order to provide or permit discovery . . . the court

---

[1] Plaintiffs argue that the instant motion is a "motion *in limine* in disguise" and is therefore premature. Dkt. # 199 at 2. Defendant disagrees, noting that the "motion does not address the substance of the additional expert reports" and instead addresses Plaintiffs violation of the Court's discovery order. Dkt. # 201 at 2. The Court agrees with Defendant. Plaintiffs offer no authority explaining why a motion under Rule 16 or 37 is an inappropriate mechanism to enforce the Court's previous discovery order.

ORDER – 2

where the action is pending may issue further just orders," which may include an order "prohibiting the disobedient party from . . . introducing designated matters in evidence." Fed. R. Civ. P. 37.

This Court's previous order reopened discovery so that Plaintiffs could disclose the three reports—and only those three reports—that they set forth in their motion. Any additional report would have not been covered by the order and would have been outside the discovery period. The 2016 Ritter Report and the 2020 O'Donnell Report were not permitted under the Court's previous order and must be excluded unless there is an independent basis to permit them. The Court addresses each report in turn.

### A.   2016 Ritter Report

Plaintiffs argue that because the 2016 Ritter Report is a supplemental report under Rule 26(a)(2)(E) and 26(e)(2), they did not need the Court's leave to disclose the report. Dkt. # 199 at 2-3. They also argue that years ago, on March 24, 2016, they disclosed the 2016 Ritter Report to Defendant, who has thus waived any argument about the report's timeliness. *Id.* at 4. In response, Defendant argues that because the Court's previous order was silent on the 2016 Ritter Report, that means that the report was not permitted. Dkt. # 201 at 5.

The Court agrees with Plaintiffs. The 2016 Ritter Report was a supplemental report that could be disclosed without the Court's leave. Under Rule 26(e), a party who disclosed expert testimony "must supplement or correct its disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P. 26(e). Further, as to experts who submitted reports, the duty to supplement extends to information included in the reports, and any additions or changes to this information must be disclosed by the time the party's pretrial disclosures are due. *Id.* Supplementation means "correcting inaccuracies[] or filling the interstices of an incomplete report based on

ORDER – 3

information that was not available at the time of the initial disclosure." *Trinity Glass Int'l, Inc. v. LG Chem Ltd.*, No. 3:09-cv-05018-RJB, 2010 WL 11527325, at *1 (W.D. Wash. Nov. 29, 2010) (quoting *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)).

Here, Plaintiffs contend that the 2016 Ritter Report is related to Dr. Ritter's deposition testimony and the "V-32 diffuser basket failure analysis contained in Dr. Ritter's original expert report." Dkt. # 199 at 7. Further, Plaintiffs say, the report incorporates data that Dr. Ritter did not have when he rendered his initial report. *Id.* When Dr. Ritter rendered his initial report, he relied on the original expert report of Matt Schneider, which only contained "computer modeling results." *Id.* After Dr. Ritter prepared his initial report, however, Mr. Schneider updated his report to include the "results of actual pressure drop testing." *Id.* Dr. Ritter supplemented his report accordingly. *Id.* And because supplemental expert disclosures are pegged to the date of pretrial disclosures, not the close of discovery under Rule 26(e)(2), Plaintiffs' disclosure was timely. Pretrial disclosures are not due until early next year. Dkt. # 204. What is more, Defendant appears to have had the report since 2016. Dkt. # 199 at 2-3. Defendant does not refute any of Plaintiffs' analysis. Dkt. # 201 at 5.

Because the 2016 Ritter Report is a supplemental disclosure under Rule 26(e), it is permitted independent of the Court's previous order reopening discovery. Thus, the Court will not exclude it here.

**B.     2020 O'Donnell Report**

As discussed, the Court held in its previous order that Plaintiffs were only permitted to disclose the three scientific reports requested in their motion. Dkt. # 181 at 3. The 2020 O'Donnell Report was not included in that order. And given that the O'Donnell Report was generated and disclosed years after the discovery period had ended, Dkt. # 66, it should not be permitted here. Unlike the 2016 Ritter Report, the 2020 O'Donnell Report is not a required supplement. It "respond[s] to critiques" of

ORDER – 4

Plaintiffs' experts that the "opposing experts raise[d] in rebuttal reports."  Dkt. # 199 at 8.  Plaintiffs do not claim that the 2020 O'Donnell Report corrects inaccuracies or fills interstices of any sort.  *Trinity*, 2010 WL 11527325, at *1.

In sum, because the 2020 O'Donnell Report was filed after the close of discovery, was not covered by this Court's previous order reopening discovery, and was not a required supplementation under Rule 26, the Court excludes it.

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Defendant's motion.  Dkt. # 196.

DATED this 4th day of August, 2020.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 5