HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGENGCO HOLDINGS LLC, *et al.*,

      Plaintiffs,

     v.

ACE AMERICAN INSURANCE
COMPANY,

      Defendant.

Case No.  2:13-cv-00543-RAJ

**ORDER ON THE PARTIES'
MOTIONS IN LIMINE**

## I.   INTRODUCTION

This matter comes before the Court on the parties' motions *in limine*.  Dkt. ## 270, 272. As discussed below, the Court **GRANTS** in part and **DENIES** in part the parties' motions.  The Court also **TAKES UNDER ADVISEMENT** certain motions until trial so that the parties can provide further information on the admissibility of specific evidence.

## II.   LEGAL STANDARD

Parties may file motions *in limine* before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).  To decide on motions *in limine*, the Court is generally guided by Federal Rules of Civil Procedure 401 and 403.  Specifically, the Court considers whether

ORDER – 1

1   the evidence "has any tendency to make a fact more or less probable than it would be

2   without the evidence," and whether "the fact is of consequence in determining the action."

3   Fed. R. Civ. P. 401.  However, the Court may exclude relevant evidence if "its probative

4   value is substantially outweighed by a danger of one or more of the following: unfair

5   prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

6   needlessly presenting cumulative evidence."  Fed. R. Civ. P. 403.

### III.  DISCUSSION

#### A.      PLAINTIFFS' MOTIONS IN LIMINE

#### 1.  MIL #1: Applying the "mend the hold" doctrine to exclude opinions from Ace's expert

Ingenco seeks to exclude testimony from Ace's expert, Dr. Michael Casey, on whether the adsorbent media beads were defective and whether the plant itself was defectively designed. Dkt # 270 at 2. Ingenco argues that the "mend the hold" doctrine precludes Ace from changing its basis for denying coverage and thus Dr. Casey's post-litigation opinions on the cause of loss. *Id.*

Ingenco's motion is **DENIED**. Washington has not adopted the mend the hold doctrine, and instead applies equitable estoppel when an insurer denies liability under the policy for one reason, while having knowledge of other grounds for denying liability. *Bosko v. Pitts & Still*, 75 Wn.2d 856, 864 (1969); *Hayden v. Mutual of Enumclaw Ins. Co.*, 141 Wn.2d 55, 63 (2000). When this occurs, the insurer is estopped from later raising the other ground in an attempt to escape liability, if the insured can demonstrate either that they suffered prejudice or that the insurer acted in bad faith in failing to raise all its grounds for denial in its initial denial letter. *Hayden*, 141 Wn.2d at 63.

Ingenco cannot meet this burden. On remand, Ingenco moved to reopen discovery, in part, because newly discovered evidence would "reveal the invalidity of Dr. Casey's theory regarding the cause of the deterioration of the Guild media." Dkt. # 175 at 9. This

ORDER – 2

makes clear that Ingenco knew the "cause the deterioration of the Guild media" would be part of Ace's defense. The ability to conduct additional discovery on this particular issue mitigates any such prejudice. Similarly, the issue of inherent problems with Ingenco's system has been in dispute throughout this case.

### 2. MIL #2: Excluding evidence on whether the replacement diffuser baskets are defective

Ingenco seeks to preclude evidence and testimony about whether the replacement diffuser baskets were defective. Dkt. # 270 at 11-12. According to Ingenco, there is no legitimate purpose served by permitting Ace to present such testimony based on the Ninth Circuit's reasoning that any subsequent damage would still be covered as an "ensuing loss." *Id*. In response, Ace argues that the replacement diffusers are relevant to damages and the question of whether the October 2010 basket failure caused the March 2011 plant shutdown. Dkt. # 277 at 7. Despite finding that "the replacement diffuser basket" theory failed as a matter of law, the Court agrees that evidence of the replacement diffuser baskets is relevant to causation and damages. Ingenco's motion is **DENIED**.

### 3. MIL #3: Excluding testimony about the impact of "poisoning agents" on the condition of the adsorbent beads

Ingenco seeks to exclude testimony regarding the impact of "poisoning agents" in the process gas as irrelevant. Dkt. # 270 at 12. Ingenco argues that Ace's theory—that "poisoning agents" such as hydrogen chloride and hydrogren fluoride gas, damaged the adsorbent beads—would still require Ace to prove that "the beads themselves were defective to escape the ensuing loss provision." *Id.* at 14. But as Ace points out, the condition of the adsorbent media beads is a disputed issue of fact. Dkt. # 277 at 8. Additionally, in moving to reopen discovery, Ingenco acknowledged the impact of the process gas on the adsorbent beads as relevant to that inquiry. Dkt. # 175 at 4. Accordingly, Ingenco's motion is **DENIED**.

ORDER – 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 4. MIL #4: Excluding testimony about "post-loss" changes to the Cedar Hills Plant

Ingenco seeks to preclude evidence and testimony of post-loss changes at the Cedar Hill Plant. Dkt. # 270 at 14. Ingenco argues such evidence is barred under Federal Rule of Evidence 407. *Id.*

Under Federal Rule of Evidence 407, subsequent remedial measures cannot be admitted to prove design defect but may be admitted for other permissible purposes. *See Gauthier v. AMF, Inc.*, 788 F.2d 634, 637 (9th Cir. 1986). However, the Ninth Circuit has held that Rule 407 "only applies to a defendant's voluntary actions." *Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 888 (9th Cir. 1991). Rule 407 is based on the policy of encouraging potential defendants to remedy hazardous conditions without fear that their actions will be used as evidence against them. *Id.*

This is a breach of contract case. Accordingly, the policy behind Rule 407 is not applicable here. Although Ingenco cites an unpublished opinion suggesting otherwise, the Court will follow Ninth Circuit binding precedent. Ingenco's motion is **DENIED**.

### 5. MIL #5: Excluding testimony on legal conclusions

Ingenco requests an order precluding expert testimony containing legal conclusions. Dkt. # 270 at 15. It is well established that experts may not give opinions as to legal conclusions. *See Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law."); *Aguilar v. Int'l Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) (internal citations omitted) (explaining that expert testimony consisting of legal conclusions on the meaning of a contract's terms is inadmissible). Accordingly, the Court **GRANTS** in part Ingenco's motion. Experts will not be permitted to testify on issues of law, such as the meaning of terms under the insurance policy or whether certain damage falls within the scope of the

ORDER – 4

insurance policy. However, the Court will not rule in a vacuum. Any objections can be raised and ruled upon at trial should any witness veer inappropriately toward providing legal conclusions.

### B.    DEFENDANT'S MOTIONS *IN LIMINE*

#### 1.   MIL #1: Excluding witnesses under Rule 615(c)

Ace seeks an order excluding witnesses, except for designated party witnesses and experts, under Federal Rule of Evidence 615(c). Dkt. # 272 at 4. Under Rule 615, a party may move to order witnesses excluded so that they cannot hear other witnesses' testimony. Ingenco does not oppose the motion. The Court **GRANTS** the motion.

#### 2.   MIL #2: *Daubert* motions to exclude testimony of Ingenco's experts

Ace seeks to exclude the expert testimony of three witnesses: Matthew Schneider, Dr. James Ritter, and Dr. John Monnier. Dkt. # 272 at 10. As Ingenco points out, Ace previously requested the very same relief as to the very same witnesses, and the Court previously rejected this request. Dkt. # 275 at 2. The Court agrees and **DENIES** this motion for the reasons set forth in the Court's prior order. *See* Dkt. # 258.

#### 3.   MIL # 3: Excluding testimony relating to the O'Donnell Engineering Report Dated January 15, 2020

Ace seeks to exclude the January 15, 2020 O'Donnell Engineering Report and all related testimony from its authors, Behzad Kasraie, PhD, P.E. and John Koltick, P.E. Dkt. # 272 at 11. The Court previously held that the 2020 O'Donnell Report was not covered in the order reopening discovery and thus **GRANTS** this motion in part. *See* Dkt. # 206. Ingenco argues that Ace's motion goes too far insofar as it proactively seeks exclusion of "all related testimony" by Ingenco's witnesses. Dkt. # 275 at 4. The Court will not rule in a vacuum. Any objections can be raised and ruled upon at trial should any witness veer inappropriately into the content of the excluded 2020 O'Donnell Report.

#### 4.   MIL # 4: Excluding testimony of John M. Koltick, Jr., P.E.

Ace seeks to exclude the testimony of John M. Koltick, Jr., as cumulative. Ingenco has withdrawn Mr. Koltick as a witness at trial. Dkt. # 272 at 11. The Court **DENIES**

ORDER – 5

1    Ace's motion as moot.

2

3

4    **5.  MIL # 5: Excluding opinion testimony of David J. Palumbo**

5    Ace seeks to exclude the testimony of David J. Palumbo regarding damages. Dkt.

6    # 272 at 15. Ace contends that Mr. Palumbo is not qualified to give opinions on

7    Ingenco's business income and property damage losses. *Id.* at 15-16. More specifically,

8    ACE argues that Ingenco's calculations are sophisticated enough as to require expert

9    testimony under FRE 702 and that Mr. Palumbo has not been disclosed as an expert in

10    this case. *Id.*

11    Ingenco argues that Mr. Palumbo's testimony falls within the scope of FRE 701.

12    Dkt. # 275 at 5. At this stage, the Court agrees. The excerpts from Mr. Palumbo's

13    deposition testimony suggests he has relevant, percipient knowledge as a senior

14    executive, and that he was personally responsible for reviewing expense invoices and

15    actual revenue data to calculate Ingenco's damages. Dkt. # 276-1 at 4-16. Accordingly,

16    Mr. Palumbo's testimony appears based on "particularized knowledge" that he "has by

17    virtue of [his] position in the business." Federal Rule of Evidence 701, advisory

18    committee notes to 2000 amendments.

19    The Court **DENIES** the motion. The Court reserves the ability to the determine

20    whether and when Mr. Palumbo's opinion becomes too scientific, technical, or otherwise

21    specialized to fall under Federal Rule of Evidence 701. *See* Fed. R. Evid. 701(c).

22    **6.  MIL # 6: Excluding claims handling evidence**

23    Ace seeks to preclude testimony from certain testimony from individuals involved

24    in the investigation and adjustment of Ingenco's insurance claim. Dkt. # 272 at 18. This

25    Court previously entered judgment in Ace's favor on Ingenco's WCPA and IFCA claims.

26    Ingenco indicates those witnesses also have relevant testimony on various fact issues,

27    including the basics of Ingenco's insurance claim, the grounds for Ace's denial of

28    ORDER – 6

coverage, and the alleged prejudice suffered by Ace regarding the delayed claim notice. *See* Dkt. # 275. Therefore, the Court **DENIES** this motion. Ace may object to the extent these witnesses elicit testimony regarding the propriety of Ace's claims handling activity.

### 7. MIL # 7: Excluding testimony on standard of care/standard of industry

Ace seeks to preclude testimony from O'Donnell Engineering on whether the diffuser baskets at issue were designed in accordance with industry standards, or otherwise negligently designed. Dkt. # 272 at 19. According to Ace, the "applicable standard" is "unambiguously stated in the Policy" and thus the proposed testimony is irrelevant. *Id.* The design of the diffuser baskets and the foreseeability of failure is relevant to various issues. Since Ace has not otherwise shown that this testimony is inadmissible on *Daubert* grounds, the Court **DENIES** the motion.

## IV.  CONCLUSION

As discussed below, the Court **GRANTS** in part and **DENIES** in part the parties' motions. Dkt. ## 270, 272. The Court also **TAKES UNDER ADVISEMENT** certain motions until trial so that the parties can provide further information on the admissibility of specific evidence.

DATED this 21st day of December, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER – 7