HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INGENGCO HOLDINGS LLC, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ACE AMERICAN INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No.  2:13-cv-00543-RAJ<br><br>**ORDER** |

## I.　INTRODUCTION

This matter is before the Court on Plaintiffs' motion to continue the trial date. Dkt. # 282.

## II.　BACKGROUND

Plaintiffs move to continue the current trial date. Dkt. # 282. They argue a continuance is necessary to address the potential impact of trial disclosures on a settlement agreement between Plaintiff BEW and third-party intervenor Guild Associates, Inc. ("Guild"). *Id.*

## III.　DISCUSSION

Under Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for

ORDER – 1

good cause and with the judge's consent." Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). "Good cause" to modify the scheduling order exists if the moving party shows that, even with the exercise of due diligence, it was unable to meet the timetable set forth in the order. *Id.* at 609. Although the existence of prejudice to the opposing party might supply additional reasons to deny amendment under Rule 16, the focus of the inquiry is on the moving party's reasons for seeking modification. *Id.* "If that party was not diligent, the inquiry should end." *Id.* Furthermore, Local Civil Rule 7(j) cautions that "whenever possible," a motion for relief from a deadline should "be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline."

As the moving party, Plaintiffs have "the burden of demonstrating good cause to continue trial," but they have failed to meet that burden. *White v. Ethicon, Inc.*, 2022 WL 596407, at *1 (W.D. Wash. Feb. 28, 2022). First, Plaintiffs do not indicate that they are unable to comply with the current scheduling order and trial date. *See* Dkt. # 282 at 10 ("The requested continuance is not being made because Plaintiffs are unprepared for trial."). Rather, Plaintiffs are concerned over whether potential disclosures of confidential information at trial will violate a 2017 settlement agreement between BEW and Guild. *Id.* Chief Judge Marbley of the U.S. District Court for the Southern District of Ohio has expressly retained jurisdiction to resolve any disputes under the Settlement Agreement. *Id.* at 8. According to their motion, Plaintiffs intend to seek declaratory relief from Chief Judge Marbley regarding the respective rights and obligations of BEW and Guild under the Settlement Agreement and how that impacts their trial conduct in this matter. *Id.* at 10.

Plaintiffs have not provided any justification for waiting until the eve of trial to seek this relief. This Court issued an order requiring the parties to meet and confer on "procedures to protect … sealed trade secret information at trial" back in March 2022. Dkt. # 197 at 2.  In the ninth months since that order, Plaintiffs could have moved for

ORDER – 2

declaratory relief before Chief Judge Marbley. This is precisely the kind of poor case management that "Rule 16 is designed to eliminate." *Johnson*, 975 F.2d at 610. Additionally, Plaintiffs have not shown that the mere possibility of future litigation in separate matter constitutes "good cause" for continuing the trial date. For these reasons, Plaintiffs' motion is **DENIED**.

## IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' motion. Dkt. # 282. This matter remains set for trial to begin on January 9, 2023. All other pretrial deadlines remain intact.

DATED this 29th day of December, 2022.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3