HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

INGENCO HOLDINGS, LLC, a Delaware limited liability company, and BIO ENERGY (WASHINGTON), LLC, a Delaware limited liability company,

  Plaintiffs,

 v.

ACE AMERICAN INSURANCE COMPANY, a foreign insurance company,

  Defendant.

Case No. 2:13-cv-00543-RAJ

**ORDER ON DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND PLAINTIFFS' MOTION TO AMEND JUDGMENT**

## I.  INTRODUCTION

This matter comes before the Court on Defendant's Renewed Motion for Judgment as a Matter of Law and Alternative Motion for a New Trial (Dkt. ## 358, 359) and Plaintiffs' Motion to Amend Judgment (Dkt. # 353). The Court has considered the pleadings filed regarding the motions and the remaining record. For the reasons below, the Court **DENIES** Defendant's motion and **GRANTS** Plaintiffs' Motion.

## II.  BACKGROUND

Plaintiffs Ingenco Holdings, LLC and Bio Energy (Washington), LLC (collectively, "Ingenco") owned and operated a landfill gas plant that was damaged in October 2010 and ultimately shut down in March 2011. *See* Dkt. # 333 at 16. In May

ORDER – 1

2011, Ingenco tendered an insurance claim to Defendant ACE Insurance Co. ("ACE") for damages to the plant and for the subsequent shutdown. *See id.* In 2012 and 2013, ACE issued letters denying Ingenco's claim. *See id.* Plaintiffs then sued ACE for coverage under its insurance policy.

After an 8-day trial, the jury returned a verdict in this case finding that ACE breached the Boiler & Machinery Endorsement of the insurance policy. Dkt. # 339-1. The Endorsement covered "Accident[s]," defined as a "sudden and accidental breakdown of an Object," exclusive of "depletion, deterioration, ... [and] wear and tear ...." Dkt. # 333 at 21-22. Ingenco's witnesses opined that the sudden breakdown of a diffuser shield in Vessel 32 ("V32"), which resulted in the destruction of the adsorbent beads in V32 and throughout the system, was not foreseeable. *See, e.g.*, Dkt. # 342 at 29; Dkt. # 345 at 26. The jury awarded $10,974,232.56 in damages. Dkt. # 340. The award was broken down into various categories: "Property Damage: $3,565,357.16"; "Expenses Related to Reducing Loss: $2,969,330.00"; "Business Income": $4,130,874.00 and "Extra Expenses: $308,671.40." *Id.*

ACE renews its motion for judgment as a matter of law, and alternatively moves for a new trial or remittur. Dkt. ## 358, 359. ACE raises three main arguments. First, ACE contends that the failure of a diffuser basket was not caused by an "Accident" as required by the terms of the policy's Boiler & Machinery Endorsement. Dkt. # 359 at 5. Second, ACE objects to the $2.9 million that the jury awarded Ingenco for reconfiguring its plant, which ACE claims was based on improper arguments by counsel. Dkt. # 359 at 8. Third, ACE claims the jury impermissibly awarded a windfall for Ingenco for the cost of replacement media. *Id.* at 10.

In its own motion, Plaintiff moves to amend the judgment to seek prejudgment interest at 12% per annum on three components of the judgment award, specifically: (1) property damage; (2) expenses to reduce loss; and (3) extra expenses. Dkt. # 353.

ORDER – 2

### III.  DISCUSSION

### I.  Defendant's Motion

Before a case is submitted to the jury, a party may move for judgment as a matter of law. Fed. R. Civ. P. 50(a). "If the court does not grant a motion for judgment as a matter of law under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). No later than 28 days after the entry of judgment, the party may file a renewed motion for judgment as a matter of law. *Id.*

A court should grant a Rule 50 motion only if "there is no legally sufficient basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000). In deciding the motion, the court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Id.* Those functions "are jury functions, not those of a judge." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002) (quoting *Forrett v. Richardson*, 112 F.3d 416, 419 (9th Cir. 1997)).

A party may include "an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b). The decision to grant a new trial "is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980).

### A.  Renewed Motion for Judgment as a Matter of Law

ACE claims there is insufficient evidence that the damage to the diffuser basket resulted from an "Accident." Dkt. # 359 at 5. The Court is not persuaded to depart from the jury's findings. Indeed, the jury heard testimony from Ingenco witnesses David Palumbo and Matthew Schneider that the diffuser basket should have lasted twenty years under normal operating conditions and was not subject to an abnormal range of pressure at the time of the incident. Dkt. # 342 at 29. The jury also heard testimony from Dr.

ORDER – 3

James Ritter that the basket failure was sudden and unexpected. Dkt. # 345 at 26.

Given this testimony, in addition to other evidence, the jury was reasonable in finding for Plaintiffs. As such, judgment as a matter of law is not warranted.

### B. Motion for a New Trial

Under Fed. R. Civ. P. 59(a)(1), "[t]he court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows ... for any reason for which a new trial has heretofore been granted in an action at law in federal court." ACE claims that it is entitled to a new trial because Ingenco's closing argument regarding the definition of "Accident" was contrary to the Court's instructions and misled the jury. Dkt. # 359 at 8 ACE also argues that a new trial is warranted because the jury's award of compensatory damages for the replacement media and business income loss are unsupported by the evidence. *Id.* at 10. The Court addresses each in turn.

Federal courts erect a "high threshold" to claims of improper closing arguments in civil cases raised for the first time after trial. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002). Ninth Circuit precedent instructs that ACE's allegations of misconduct are insufficient. The alleged misconduct here occurred only in the argument phase of the trial; additionally, the remarks were isolated and not objected to, and ACE did not move for a mistrial at the end of the argument. *See id.* at 1195 ("The fact that counsel did not object before the jury was instructed strongly suggests that counsel made a strategic decision to gamble on the verdict and suspected that the comments would not sway the jury."). Furthermore, the Court specifically instructed the jury that attorney arguments are not evidence. *See* Dkt. # 333 at 5.

The Court also finds no basis for a new trial on the jury's award of damages. The jury heard testimony that the cost to reconfigure the plant was a necessary expenditure to reduce business interruption loss. In fact, Ingenco witness David Palumbo specifically testified that Ingenco would not have been able to restart the plant absent these expenses. Dkt. # 342 at 65-67. As for the replacement media, several witnesses provided testimony

ORDER – 4

1  regarding both the cost and the inability to obtain it from other sources. *See* Dkt. # 346 at
2  46-48; Dkt. # 374 at 63-66. In addition, the jury was presented with a detailed table of
3  damage calculations. *See* Dkt. # 336 (noting Exhibit 133 as a summary of monetary
4  damages). Ultimately, the jury heard and rejected ACE's contention that the damages for
5  the media should've been limited to payment for the first installment.  The Court must
6  "afford substantial deference to a jury's finding of the appropriate amount of damages,"
7  and "uphold the jury's findings unless the amount is grossly excessive or monstrous,
8  clearly not supported by the evidence, or based only on speculation or guesswork." *In re*
9  *Exxon Valdez*, 270 F.3d 1215, 1247–48 (9th Cir. 2001) (citation and quotation omitted).
10 In light of the evidence presented at trial, the Court finds no basis to set aside the jury's
11 determination as to the award and finds no basis for remittitur.

**II.     Plaintiffs' Motion to Amend Judgment**

A motion to amend judgment may only be granted where: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice, or 4) there is an intervening change in controlling law. *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment."

Here, Ingenco seeks prejudgment interest at 12% per annum on three components of the judgment award, specifically: (1) property damage; (2) expenses to reduce loss; and (3) extra expenses. Dkt. # 353.

In diversity cases, pre-judgment interest is governed by state law. *Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004). In Washington, a "court may award a party prejudgment interest when the claimed amount is 'liquidated' or when an unliquidated claim is otherwise determinable by reference to a fixed contractual standard, without reliance on opinion or discretion." *Forbes v. Am. Bldg. Maint. Co. W.*,

ORDER – 5

240 P.3d 790, 793-94 (Wash. 2010). A claim is liquidated when the amount of prejudgment interest can be computed with exactness from the evidence, without reliance on opinion or discretion." *Id.* A claim is unliquidated where "the exact amount of the sum to be allowed cannot be definitely fixed from the facts proved, disputed or undisputed, but must in the last analysis depend upon the opinion or discretion of the judge or jury as to whether a larger or a smaller amount should be allowed." *Prier v. Refrigeration Eng'g Co.*, 442 P.2d 621, 626 (Wash. 1968). However, the fact that a claim is disputed does not render the amount unliquidated. *Id.* Rather, "it is the character of the claim and not of the defense that is determinative of the question whether an amount of money sued for is a 'liquidated sum.' " *Id.*

The Court finds that Plaintiffs' monetary damages were liquidated as the measure of damages was not within the jury's discretion. *Aker Verdal A/S v. Lampson*, 65 Wash.App.188, 191 (1992). The amounts that Plaintiffs expended for the property damage, the expenses to reduce loss, and the extra expenses were clearly established at trial through the introduction of invoices, or by summary charts reflecting the same. *See* Dkt. # 336 (noting Trial Exhibits 133 and 519 as summary documents supporting damages claims). These documents allowed the jury to fix its damages determination based on the facts presented. *Prier*, 442 P.2d at 626.

Washington courts apply the statutory provisions that currently provide for 12 percent interest for breach of contract where the contract fails to specify a rate. *TJ Landco, LLC v. Harley C. Douglass, Inc.*, 186 Wash. App. 249, 254–55, (2015). Plaintiffs suggest that appropriate starting points for the calculation of prejudgment interest are April 26, 2013 for the "Property Damage" award and November 9, 2013 for the "Expenses Related to Reducing Loss" and "Extra Expenses" awards, which reflect 30 days after ACE received documentation supporting those claims. Dkt. # 353 at 10. Interest runs from when the payment obligation was breached. *See MKB Constructors v. American Zurich Ins. Co.*, 83 F.Supp.3d 1078, 1084 (W.D. Wash. 2015); *Weyerhaeuser*

ORDER – 6

*Co. v. Com. Union Ins. Co.*, 142 Wash. 2d 654, 686 (2000), as amended (Jan. 16, 2001). The Court finds these dates appropriate and awards interest in the amount of $4,174,120.50 for "Property Damage," $3,283,983.96 for "Expenses Related to Reducing Loss," and $341,380.69 for Extra Expenses." The total award for prejudgment interest is $7,799.485.15.

### IV.  CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion for Renewed Judgment as a Matter of Law and Alternative Motion for a New Trial (Dkt. ## 358, 359) and **GRANTS** Plaintiffs' Motion to Amend Judgment (Dkt. # 353).

DATED this 31st day of May, 2023.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7